**REDACTED**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

-FILED-

JUL 23 2025

At _____ M
Chanda J. Berta, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | INDICTMENT |
| ) | |
| v. ) | Cause No. 1:25-CR-46 |
| ) | Violations: 21 U.S.C. §§ 846 & |
| ALEX GARCIA LOPEZ a/k/a ) | 841(a)(1), and 18 U.S.C. § 2 |
| RODELIO NEDEL CARRILLO LUGO ) | |
| & RACHELL CANO MADRIGAL ) | |

**THE GRAND JURY CHARGES:**

### COUNT 1

Sometime between on or about May 9, 2025, and on or about July 7, 2025, in the Northern District of Indiana, and elsewhere,

ALEX GARCIA LOPEZ &
RACHELL CANO MADRIGRAL,

defendants herein, did knowingly and intentionally conspire, combine, confederate, and agree with each other and other persons known and unknown to the Grand Jury to commit an offense against the United States, that is, to violate 21 U.S.C. § 841(a)(1), to distribute and possess with the intent to distribute a controlled substance, including 400 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, commonly known as fentanyl, a Schedule II Controlled Substance,

and 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II Controlled Substance;

All in violation of 21 U.S.C. § 846.

**THE GRAND JURY FURTHER CHARGES:**

<u>COUNT 2</u>

On or about May 9, 2025, in the Northern District of Indiana,

ALEX GARCIA LOPEZ &
RACHELL CANO MADRIGRAL,

defendants herein, did knowingly and intentionally distribute a controlled substance, including 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II Controlled Substance;

All in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

## FORFEITURE ALLEGATION

The allegations contained in Counts 1 and 2 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to the statutes listed below.

Upon conviction of any of the controlled substance offenses alleged in Counts 1 and 2 of this Indictment, the defendant(s) shall forfeit to the United States pursuant to 21 U.S.C. § 853, any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violation(s), and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such violation(s).

Upon conviction of a controlled substance offense set forth in in this Indictment, the government will seek a money judgment in the amount of proceeds received for the defendant's participation in the alleged scheme.

If any of the property described above, as a result of any act or omission of the defendant(s):

    a.    cannot be located upon the exercise of due diligence;
    b.    has been transferred or sold to, or deposited with, a third party;
    c.    has been placed beyond the jurisdiction of the court;
    d.    has been substantially diminished in value; or
    e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

                                                A TRUE BILL

                                                */s/ Foreperson*
                                                Foreperson

M. SCOTT PROCTOR
ACTING UNITED STATES ATTORNEY


        */s/ Teresa L. Ashcraft*
By:   Teresa L. Ashcraft
        Assistant United States Attorney